IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN WILEY and )
DONELL RUSSELL, )
                                   )
               Plaintiffs, )
                                   )
    v.                           )   No. 08 C 5316
                                   )
DENNIS OBOIKOVITZ, Star No. 18708 )
DAMEN BALESTERI, Star No. 7510, )
S. FREEMAN, Star No. 11568, )
and S. McGOVERN, Star No. 13956, )
individually and as employee agents )
of the City of Chicago, a municipal )
corporation, )
                                   )
               Defendants. )

## OPINION AND ORDER

Count IV of plaintiffs' complaint is pled as a failure to provide medical attention claim. It is alleged that the defendant police officers' conduct was objectively unreasonable or that they were deliberately indifferent to plaintiff Donnell Russell's medical condition while he was in police custody during a stop to investigate illegal drug transactions. The case is now before the court on the

motion of defendant police officers for summary judgment on the grounds that plaintiff cannot show, based on undisputed facts, that the officers' conduct was objectively unreasonable or that they acted with deliberate indifference to Russell's medical needs.[1] Alternatively, it is urged that the police officers are entitled to qualified immunity for any legal uncertainty concerning their conduct.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Crawford v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 129 S. Ct. 846, 849 (2009); *Stokes v. Bd. of Educ. of City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this

---

[1] At this point in the proceedings it is unnecessary to consider whether there is any practical difference between Fourth and Fourteenth Amendment standards of conduct.

> burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986).

*Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001).

Resolving all genuine factual disputes and drawing all reasonable inferences in plaintiff Russell's favor, the facts assumed to be true for purposes of summary judgment are as follows. On the afternoon of February 21, 2007, Melvin Wiley, Donnell Russell, and Sidney Hunter were ordered out of Russell's parked car. Police officers were investigating illegal drug sales. There is a dispute as to whether or not Russell was ever in police custody. However, plaintiff's evidence supports, and the defendants do not deny, that Russell fainted and collapsed at the place where the police ordered the occupants to step out of the car. A witness to

Russell's collapse sent a neighbor to alert Russell's mother. She returned with another person. They were allowed to remove Russell and his car. Later, they took Russell to a hospital where he was examined and released the same day with apparently normal findings.

Defendants deny that Russell ever had a serious medical need. However, they do not deny that he fainted and collapsed. Two of the defendant officers admitted that a 911 call for medical help should be made if a person in custody faints. Admittedly, that was not done. What actually took place, or how soon Russell recovered from a collapse, or whether he was, or should have been, assisted in any way by the police officers, is in sharp dispute. Fairly disputed factual issues preclude summary judgment on the issues of police conduct and qualified immunity.

Therefore defendants' motion for summary judgment on Count IV of plaintiffs' complaint must be denied.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [25] is denied. In open court on January 27, 2010 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1, including trial

briefs, proposed voir dire questions, motions in limine with supporting briefs, and proposed jury instructions.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 9, 2010