IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN WILEY and DONELL )
RUSSELL )
        Plaintiffs, )
)
v. ) No. 08 C 5316
)
DENNIS OBOIKOVITZ, et al. )
)
        Defendants. )

# OPINION AND ORDER

Defendants have filed a bill of costs totaling $6,872.83. Before turning to the specific objections, the burden of proof will be addressed. Defendants contend they need only establish the amount of costs and then the burden is on plaintiffs to show that any claimed costs are unreasonable or not necessary. It is true that it is presumed that the prevailing party is entitled to costs and the opposing party has the burden to show otherwise. ***Beamon v. Marshall & Ilsley Trust Co.***, 411 F.3d 854, 864 (7th Cir. 2005) (citing ***M.T. Bonk Co. v. Milton Bradley Co.***, 945 F.2d 1404, 1409 (7th Cir. 1991)). Plaintiffs do not contest that

defendants prevailed and therefore are entitled to costs. Plaintiffs only object that certain costs are unreasonable or unnecessary. At least to the extent that plaintiffs raise objections, defendants bear the burden of showing that the amount of costs claimed are reasonable and necessary. *Neuros Co. v. KTurbo, Inc.*, 2011 WL 3841683 *5 (N.D. Ill. Aug. 25, 2011); *Seed v. Rose Seeding & Sodding, Inc.*, 2010 WL 5313552 *1 (S.D. Ind. Dec. 20, 2010); *Cornell v. Gubbles*, 2010 WL 3937597 (C.D. Ill. Sept. 29, 2010); *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1030 (N.D. Ill. 2009); *Ault v. Speicher*, 2009 WL 1708642 *1 (S.D. Ill. June 17, 2009); *Moore v. Vital Prods., Inc.*, 2009 WL 943869 *2 (N.D. Ill. April 8, 2009); *Williams v. Thresholds, Inc.*, 2003 WL 22478784 *4 (N.D. Ill. Oct. 31, 2003); *Lawyer v. 84 Lumber Co.*, 1998 WL 111703 *6 (N.D. Ill. March 12, 1998). Cases indicating that the burden is on the non-prevailing party to show that claimed costs are not reasonable or necessary appear to confuse the presumption regarding awarding costs to a prevailing party with the burden for determining whether particular expenses are reasonable or necessary. *See, e.g., Washington v. City of Springfield*, 2011 WL 98941 *3 (C.D. Ill. Jan. 7, 2011) (citing *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571, 573-75 (N.D. Ill. 1997) (citing *FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997) ("We note that

costs under 28 U.S.C. § 1920 are normally awarded to the prevailing party as a matter of course, unless exceptional circumstances are present . . . .")))

Plaintiffs' objections are resolved as follows:

1. <u>Copy costs.</u> (a) Plaintiffs object that defendants changed attorneys on March 24, 2010 and therefore are not entitled to copying costs that were incurred prior to that date. This objection is without merit. Costs will be awarded to plaintiffs for appropriate expenses; costs are not being awarded to counsel. (b) Defendants concede that they requested reimbursement for too many copies. They now limit their request to reimbursement for one "judge's copy" of each pleading. Copy costs of $90.30 will be awarded.

2. <u>Exhibit books.</u> Consistent with this bench's preferred practice, defendants prepared binders containing copies of their exhibits. These were prepared for use by jurors, the judge, and counsel. Defendants, however, never offered to distribute the exhibit books to the jurors or the judge. Since they were never actually used, the $438.90 expense for producing these books will not be awarded as a cost.

3. <u>Demonstrative exhibit.</u> Defendants used a blow-up of a map when questioning witnesses and during closing arguments. This expense was

reasonable and is appropriate to award as a cost. See *Neuros*, 2011 WL 3841683 at *6. Costs of $736.33 will be awarded.

4. Subpoena expenses. Defendants seek reimbursement for the costs of attempting to subpoena two witnesses for trial. Neither potential witness was actually served. Hervie Leavey was contacted by plaintiffs and was called by plaintiffs at trial. Sidney Hunter was not located and did not testify. Defendants could have saved the expense by relying on plaintiffs to informally request Leavey. Defendants make no showing that they requested plaintiffs' assistance in obtaining Hunter's presence at trial nor do they point out how his testimony would have added to or differed from the testimony of other witnesses of the incident at issue in this case. The $110.00 of requested subpoena expenses will not be awarded as costs.

5. Deposition transcripts. Plaintiffs object to the costs of deposition transcripts of four deponents who did not testify at trial: Hunter, Jeffrey Bzdusek, Regina Pugh, and Juanita Arcenal. Defendants contend the costs should be allowed because the depositions were reasonable at the time they were taken. Defendants, however, conclusorily assert the depositions were reasonable; they do not explain why any of them were reasonable or necessary. Moreover, even if the depositions were reasonably taken, that would only support reimbursing each

court reporter's attendance fee. Since not called as witnesses or used for a summary judgment motion, it was unnecessary to write up the depositions. No costs related to the four depositions will be awarded. There are six depositions for which plaintiffs do not raise any objection. $2,609.75 related to those six depositions will be awarded as costs.

6. Trial transcript. Defendants request reimbursement of $1,211.55 for an expedited transcript of part of the trial. Defendants represent they obtained transcripts of the testimony of two witnesses and the two plaintiffs because they expected inconsistencies amongst the testimony. This trial required less than two days of testimony. Obtaining a transcript of the trial was not reasonable and necessary. The trial transcript expenses will not be awarded as costs.

Costs of $3,436.38 will be awarded, consisting of $90.30 for copying; $736.33 for a demonstrative exhibit; and $2,609.75 of depositions expenses.

IT IS THEREFORE ORDERED that defendants' bill of costs is granted in part and denied in part. The Clerk of the Court is directed to enter a judgment

in favor of defendants and against plaintiffs, jointly and severally, in the amount of $3,436.38 costs.

ENTER:

*William T. Hart*

UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 29, 2011